UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| Todd Brown and Stephanie Brown,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Ameriquest Mortgage Co., a Delaware corporation, ACC Capital Holdings Corp., a Delaware corporation; Town and Country Credit Corp., a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation,<br><br>　　　　　Defendants. | C.A. No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Ameriquest Mortgage Co., ACC Capital Holdings Corp., Town and Country Credit Corp., and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans (referred to collectively as "Defendants"), remove the above-captioned action which currently is pending in the General Court of Justice, Superior Court of Forsyth County, North Carolina, to the United States District Court for the Middle District of North Carolina, Winston-Salem Division. Defendants base removal on 28 U.S.C. §§ 1331, 1332, and 1367.

Defendants simultaneously filed this notice of removal and a motion to stay all proceedings and suspend all pretrial deadlines on October 19, 2007.

As grounds for removal, Defendants state the following:

•

## BACKGROUND

1. Plaintiffs Todd Brown and Stephanie Brown ("Plaintiffs") commenced this action on or about September 11, 2007, by filing a Summons and Complaint in the General Court of Justice, Superior Court of Forsyth County, North Carolina (the "State Court Action"). The State Court Action was assigned case number 2007-CVS-6330.

2. Plaintiffs allege that they obtained a mortgage loan from Defendants secured by their residence at 209 Bradberry Lane in Winston-Salem, North Carolina, on or about February 25, 2005. Plaintiffs allege that Defendants engaged in "bait and switch" tactics by providing a loan at a significantly higher rate or fee than originally promised, falsely told Plaintiffs they could refinance in a few months on more favorable terms, and failed to provide adequate information about discount points and fees imposed on their loan. Plaintiffs further allege that Defendants misrepresented the terms of the adjustable rate loan, engaged in misleading or deceptive acts that resulted in an inflated appraisal that exceeded the true market value of Plaintiffs' residence, misled them about the existence of prepayment penalties, and engaged in acts that encouraged Plaintiffs to ignore disclosures required under the federal Truth in Lending Act and Real Estate Settlement Procedures Act. (Compl. ¶¶ 10-19.)

3. Relying on the foregoing factual allegations, Plaintiffs assert causes of action for (1) untrue or misleading statements; (2) violations of the federal Truth-In-Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., and violations of the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.; (3) violation of the state Consumer Protections in Home Loans Act, N.C. Gen. Stat. § 24-10.2; (4) fraud

grounded in the allegedly untrue or misleading statements; (5) violations of the state Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq.; and (6) punitive damages. (Compl. ¶¶ 10-47.)

4. Removal to this Court is proper. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendants file this Notice of Removal in the United States District Court for the Middle District of North Carolina, Winston-Salem Division, which is the district court of the United States for the district and division embracing the state court where the State Court Action is pending.

5. Removal is timely. Plaintiffs filed their Summons and Complaint on September 11, 2007, and these pleadings were served on Defendants on or about September 20, 2007. Defendants are filing this Notice of Removal with the United States District Court for the Middle District of North Carolina on October 19, 2007, which is within 30 days after receipt by Defendant of a copy of the initial pleading setting forth the claim for relief upon which this action is based. See 28 U.S.C. § 1446(b).

6. This Notice of Removal is signed pursuant to Rule 11, FRCP. See 28 U.S.C. § 1446(a).

7. Defendants have met all other procedural requirements. Appended hereto as Exhibit A is a copy of all process, pleadings, and orders served upon Defendants in the State Court Action, namely, the Summons and Complaint. See 28 U.S.C. § 1446(a).

8. Defendant will also file this Notice of Removal with the Clerk of the Superior Court in Forsyth County, North Carolina. A copy of Defendants' Certificate of Removal and Filing with State Court is attached hereto.

## STATUTORY REQUIREMENTS

**I.    Federal Question Jurisdiction.**

9.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States and the Complaint presents questions of federal law on its face.

10.    Plaintiffs' second cause of action for alleged violations of TILA and RESPA directly arises under these federal statutes, and as such, the face of the Complaint presents a federal question. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 615 (4th Cir. 2001) (case properly removed when one cause of action arose under TILA and all other claims were based on state law and affirming remand after the parties settled the TILA claim); Cades v. H&R Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994) (finding that federal jurisdiction existed when the plaintiff amended the complaint to charge violations of the National Bank Act and TILA because federal jurisdiction appeared on the face of the amended complaint); In re Commun. Bank of N. Va. & Guar. Natl. Bank of Tallahassee Second Mortgage Loan Litigation, 418 F.3d 277, 285 (3rd Cir. 2005) (illustrating removal of case based on federal question jurisdiction where Plaintiffs alleged violations of RESPA); 12 U.S.C. § 2614 (action alleging RESPA violations may be brought in appropriate federal district court).

11.    Additionally, Plaintiffs wholly or partially base their remaining state law claims on Defendants' alleged violation of TILA and RESPA. (Compl. ¶¶ 10-19, 25, 30-36, 42-43.) Accordingly, these state law claims are properly removable under 28 U.S.C. § 1331. See e.g. Innovative Med. Prods., Inc. v. Felmet, 472 F. Supp. 2d 678, 682

(M.D.N.C. 2006) (federal question jurisdiction exists under well-pleaded complaint rule when the face of the complaint reveals that the federal question is an essential part of the plaintiff's cause of action).

12.    Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.    Diversity Jurisdiction.

13.    This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (a) there is complete diversity of citizenship between Plaintiffs and Defendants, and (b) the total amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Diversity of Citizenship.

14.    Diversity of citizenship exists between Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332(a)(1), both at the time Plaintiffs filed the State Court Action and at the time of this removal.

15.    Plaintiffs are residents of Forsyth County, North Carolina. (Complaint ¶ 1.)

16.    Defendants are foreign corporations organized and existing pursuant to the laws of Delaware with their principal place of business located in California. (Complaint ¶¶ 2-5.) Thus, Defendants are citizens of Delaware and California for removal purposes. See 28 U.S.C. § 1332(c)(1) (defining corporate citizenship).

### B.    Jurisdictional Amount.

17.    The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

18.     The jurisdictional minimum is satisfied when a defendant demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000. See e.g. Dash v. FirstPlus Home Loan Trust, 248 F. Supp. 2d 489, 496-97 (M.D.N.C. 2006).

19.     Defendants submit that a preponderance of the evidence reveals that the amount in controversy in this case exceeds $75,000.

    a.     <u>Statutory Damages</u>:

    (1)     <u>Damages under TILA</u>. TILA allows a borrower to rescind the loan transaction, avoid the finance charge, and recover the additional damages provided in 15 U.S.C. § 1640. 15 U.S.C. § 1635. Section 1640 provides for the recovery of actual damages, twice the amount of the finance charge, and attorney's fees. 15 U.S.C. § 1640. In this case, the amount of the finance charge was $512,952. See TILA Disclosure Statement attached as Exhibit B. As Plaintiff seeks to recover all damages available under TILA, including actual damages and attorney's fees, it is clear that the amount in controversy exceeds $75,000. (Compl. Prayer for Relief, ¶¶ 1-7.)

    (2)     <u>Damages under RESPA.</u> RESPA allows a borrower to collect an amount equal to three times the amount of any charge paid for an unlawful settlement service, plus attorney's fees. 12 U.S.C. § 2607(d)(2). While Plaintiffs state only that their damages exceed $10,000, as required by Rule 8(a)(2), NCRCP, these damages plus Plaintiffs' attorney's fees could exceed $75,000.

    (3)     <u>Damages under the North Carolina Unfair Trade Practices Act.</u> A plaintiff who proves he or she has been injured by an unfair method of competition or an unfair or deceptive act or practice that affects commerce shall recover

treble the amount of damages awarded in a verdict or judgment. N.C. Gen. Stat. §§ 75-1.1 and 75-16. While Plaintiffs state only that their damages exceed $10,000, as required by Rule 8(a)(2), NCRCP, the damages awarded, if trebled and combined with attorney's fees, could exceed $75,000.

    (4) <u>Damages under the state Consumer Protections in Home Loans statute.</u>  Violations of North Carolina General Statute § 24-10.2 are declared to be usurious and also unlawful as an unfair or deceptive act under North Carolina's Unfair Trade Practices Act. A plaintiff who proves a violation of this statute does not have to pay the interest due and may recover twice the amount of the interest due as damages. A plaintiff also may recover attorney's fees by proving a willful violation or an unwarranted refusal by the party to fully resolve the matter constituting the basis of the lawsuit. N.C. Gen. Stat. §§ 24-2 and 24-10.2(e) and (f). In the alternative, a plaintiff may recover under the UTPA, described above. N.C. Gen. Stat. § 24-10.2(e). While Plaintiffs state only that their damages exceed $10,000, as required by Rule 8(a)(2), NCRCP, the damages under § 24-10.2 and attorney's fees or the damages awarded pursuant to the UTPA, if trebled and combined with attorney's fees, could exceed $75,000.

  b. <u>Punitive Damages</u>:  In addition to actual and statutory damages, Plaintiff seeks unspecified punitive damages. (Compl. Prayer for Relief.) When considering an award of punitive damages in light of the potential amount of actual damages, it is clear that the amount in controversy exceeds $75,000.

  c. <u>Attorney's Fees</u>:  Plaintiff seeks to recover her attorney's fees. (Compl. Prayer for Relief.) The potential award of attorney's fees is included in the

amount of controversy for diversity jurisdiction. <u>Dash v. FirstPlus Home Loan Trust</u>, 248 F. Supp. 2d 489, 499 (M.D.N.C. 2006); <u>Ratliff v. Sears Roebuck & Co.</u>, 911 F. Supp. 177, 179 (E.D. N.C. 1995); <u>Mattingly v. Hughes Elecs. Corp.</u>, 107 F. Supp. 2d 694, 698 (D. Md. 2000); <u>Cast-a-Stone Prods. of S.C., Inc. v. Aetna Cas. & Sur. Co.</u>, 379 F. Supp. 929, 932 (D.S.C. 1974). Plaintiffs' attorney's fees in this case, if they are successful, could exceed $75,000.

**C.    Supplemental Jurisdiction.**

20.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiffs' claims in a well-pleaded complaint that Defendants allegedly violated TILA and RESPA. Concomitantly, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). The state law claims are so related to the claims over which this Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution. <u>See e.g. Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 653 (4th Cir. 2006); <u>Pruitt v. Pernell</u>, 360 F. Supp. 2d 738, 749 (E.D.N.C. 2005).

21.    The statutory exclusions for the exercise of supplemental jurisdiction contained in 28 U.S.C. §§ 1367(b) and (c) do not apply to this action.

22.    Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

WHEREFORE, this action should proceed in the United States District Court for the Middle District of North Carolina, as an action properly removed thereto.

        Respectfully submitted,

        HAYNSWORTH SINKLER BOYD, P.A.

        s/ Joel M. Bondurant, Jr.

        Joel M. Bondurant, Jr.
        N.C. Bar No. 29621
        75 Beattie Place
        Two Liberty Square (11th Floor) (29601-2119)
        P.O. Box 2048 (29602-2048)
        Greenville, S.C.
        (864) 240-3200
        Fax: (864) 240-3300
        Email: jbondurant@hsblawfirm.com

        Attorneys for Defendants Ameriquest Mortgage Co., ACC Capital Holdings Corp., Town and Country Credit Corp., and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans

October 19, 2007