# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: DIANE TIBEREND, STE. 1200
AMERIQUEST MORTGAGE COMPANY
1100 TOWN & COUNTRY ROAD
SUITE 1200
ORANGE, CA 92868

SOP Transmittal # NC15554

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: AMERIQUEST MORTGAGE COMPANY
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of NORTH CAROLINA on this 20 day of September, 2007. The following is a summary of the document(s) received:

1. Title of Action: Todd Brown and Stephanie Brown vs. Ameriquest Mortgage Company

2. Document(s) served:

   - **x** Summons
   - **x** Complaint
   - ___ Petition
   - ___ Garnishment
   - ___ Subpoena
   - ___ Third Party Complaint
   - ___ Demand for Jury Trial
   - ___ Default Judgement
   - ___ Injunction
   - ___ Notice of
   - ___ Mechanics Lien
   - ___ Other:

3. Court of Jurisdiction/  Forsyth County Superior Court Division
   Case & Docket Number: 07 cvs 6330

4. Amount Claimed, if any: 10000.00 +++

5. Method of Service (select one):
   - ___ Personally served by:
   - **x** Delivered Via:
   - ___ Process Server
   - **x** Certified Mail (Envelope enclosed)
   - ___ Deputy Sheriff
   - ___ Regular Mail (Envelope enclosed)
   - ___ U. S Marshall
   - ___ Facsimile
   - ___ Other (Explain):

6. Date and Time of Service: 9/20/2007 3:59:46 PM EST (GMT -5)

7. Appearance/Answer Date: 30 Days

8. Plaintiff's Attorney: Ellis B Drew, III
   (Name, Address & Telephone Number) Wells Jenkins Lucas & Jenkins PLLC
   155 Sunnynoll Ct., Ste 200
   Winston Salem NC 27106
   336-725-2900

9. Federal Express Airbill # 798768381256

10. Call Made to: VM - DIANE TIBEREND, Ext 11271

A = 10-20-07
Pred Lending -

11. Special Comments:

NATIONAL REGISTERED AGENTS, INC.    Copies To:

9/11/07
9/20/07

Transmitted by: Pauline Purvis

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



EXHIBIT A

| STATE OF NORTH CAROLINA | File No. 2007 CVS 6336 |
|---|---|
| FORSYTH County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff<br>TODD BROWN and STEPHANIE BROWN | |
|---|---|
| Address | **CIVIL SUMMONS** |
| City, State, Zip | ☐ ALIAS AND PLURIES SUMMONS |
| VERSUS | G.S. 1A-1, Rules 3, 4 |
| Name Of Defendant(s)<br>AMERIQUEST MORTGAGE COMPANY,<br>a Delaware corporation, et al. | Date Original Summons Issued |
| | Date(s) Subsequent Summonses(es) Issued |

To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| AMERIQUEST MORTGAGE COMPANY,<br>a Delaware corporation<br>By Serving Its Registered Agent:<br>National Registered Agents, Inc.<br>120 Penmarc Drive<br>Raleigh, NC 27603 | |

A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>Ellis B. Drew, III<br>Wells Jenkins Lucas & Jenkins PLLC<br>155 Sunnynoll Court, Suite 200<br>Winston-Salem, NC 27106<br>(336) 725-2900 | Date Issued | Time 4:20 ☐ AM ☒ PM |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts                                            (Over)

| | | |
|---|---|---|
| NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
| | ) | SUPERIOR COURT DIVISION |
| FORSYTH COUNTY | ) 07 ... | 2007 CVS _____ |
| | ) | |
| TODD BROWN and STEPHANIE BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (Jury Trial Demanded) |
| AMERIQUEST MORTGAGE COMPANY, a | ) | |
| Delaware corporation; ACC CAPITAL | ) | |
| HOLDINGS CORPORATION, a Delaware | ) | |
| corporation; TOWN AND COUNTRY | ) | |
| CREDIT CORPORATION, a Delaware | ) | |
| corporation; and AMC MORTGAGE | ) | |
| SERVICES, INC., formerly known as Bedford | ) | |
| Home Loans, a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Plaintiffs, complaining of Defendants, and allege and say:

1. Plaintiffs Todd and Stephanie Brown are citizens and residents of Forsyth County, North Carolina.

2. At all relevant times, Defendant Ameriquest Mortgage Company, a Delaware corporation ("Ameriquest"), was, and is now, licensed by the Commissioner as a finance lender and residential mortgage lender and servicer pursuant to the Mortgage Lending Act S.L. 2001-393; SB 904 Chapter 53 article 19A of North Carolina General Statutes and has transacted business in Forsyth County, North Carolina.

3. At all relevant times, Defendant ACC Capital Holdings Corporation ("ACCCH"), was, and is now, a Delaware corporation and has transacted business in Forsyth County, North Carolina.

4. At all relevant times, Defendant Town and Country Credit Corporation, ("Town and Country"), was, and is now, a Delaware corporation and has transacted business in Forsyth County, North Carolina.

5. At all relevant times, Defendant AMC Mortgage Services, Inc., a Delaware corporation formerly known as Bedford Home Loans ("AMC Mortgage Services"), was, and is now,

licensed by the Commissioner as a finance lender and residential mortgage lender and servicer pursuant to the Mortgage Lending Act S.L. 2001-393; SB 904 Chapter 53 article 19A of N.C. Gen. Stat.

6. Ameriquest, ACC Capital Holdings, Town and Country and AMC Mortgage Services shall be referred to collectively as "the Ameriquest Parties," and the term "Defendants" wherever used in this Complaint shall mean all named Defendants.

7. Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or other representatives while they were acting within the actual or ostensible scope of their authority.

8. At all relevant times, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of the Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

9. The violations of law alleged in this Complaint were committed in Forsyth County, North Carolina.

## FIRST CLAIM:
### (Untrue or Misleading Statements)

10. Plaintiffs hereby incorporate paragraphs 1 through 9 above by reference as though fully set forth herein.

11. In the ordinary course of business, the Ameriquest Parties originated and funded a real estate secured loan with Plaintiffs. This real estate secured loan was made from the Ameriquest Parties' retail lending branches on or about February 25, 2005 for their residence located at 209 Bradbury Lane Winston-Salem, NC 27104.

12. The Ameriquest Parties induced the Plaintiffs into obtaining a loan by representing to them that the Ameriquest Parties would provide them with a low interest rate and low fee loan, but in a "bait and switch," instead provided a loan to the Plaintiffs at a significantly higher rate or higher fee than originally promised. These statements were untrue or misleading because Ameriquest was unlikely to make the loan on the terms initially offered. Further, the high interest rate of the loan prevented the Plaintiffs from refinancing in the future.

13. As part of an effort to induce the Plaintiffs to accept unfavorable loan terms, such as high monthly payments or interest rate, sales representatives for the Ameriquest Parties told

-2-

the Plaintiffs that they could refinance in a few months and would be able to obtain more favorable terms at that time. These statements were untrue or misleading because the Ameriquest Parties were unlikely to provide a refinance under the terms represented by their sales representatives. Additionally, Ameriquest issued the Plaintiffs a substantial prepayment penalty, thus limiting their ability to obtain a more favorable loan.

14. The Ameriquest Parties failed to provide timely and adequate information to Plaintiffs concerning the amount and purpose of "discount" points and fees imposed on their loans.

15. The Ameriquest Parties have misrepresented the terms of the adjustable rate provisions of their loans, including misrepresenting how the interest rate for the loan would in fact adjust. These statements were untrue or misleading because the Ameriquest Parties and their sales representatives failed to describe the true terms of the adjustable rate provision of the loans, and because the Ameriquest Parties were unlikely to provide an adjustable rate loan on the terms represented.

16. The Ameriquest Parties engaged in deceptive or misleading acts and practices which resulted in the Ameriquest Parties obtaining an inflated appraisal that was substantially in excess of the market value of the residence of Plaintiffs.

17. The Ameriquest Parties misled Plaintiffs about the presence and terms of prepayment penalties on loans offered by the Ameriquest Parties, and about whether prepayment penalties could be waived if the Plaintiffs refinanced their loan.

18. The Ameriquest Parties engaged in acts and practices that encouraged the Plaintiffs to ignore the Truth in Lending Act (TILA, 15 U.S.C. §§ 1601 *et seq.*) and Real Estate and Settlement Procedures Act (RESPA, 12 U.S.C. §§ 2601 *et seq.*) disclosures (including the Good Faith Estimate), misrepresented that these disclosures were not representative of the actual loan terms the consumers would receive, or otherwise disparaged the accuracy and relevance of the required federal disclosures.

19. Plaintiffs Todd and Stephanie Brown have been damaged on the account of the intentional and misleading statements and conduct of the Defendants Ameriquest Parties, individually, jointly and severally, by reason of their loss of personal finances and emotional distress in an amount in excess of Ten Thousand Dollars ($10,000.00) in compensatory damages.

**SECOND CLAIM:**
**VIOLATION OF THE TRUTH IN LENDING ACT AND REAL ESTATE SETTLEMENT PROCEDURES ACT**
**(Untrue or Misleading Statements)**

20. The Plaintiffs reallege and incorporate by reference paragraphs 1 through 19 as

though fully set forth herein.

21.　　At all relevant times, the Truth in Lending Act (TILA, 15 U.S.C. §§ 1601 *et seq.*) and Real Estate and Settlement Procedures Act (RESPA, 12 U.S.C. §§ 2601 *et seq.*) disclosures (including the Good Faith Estimate) made it unlawful to make or disseminate false, misleading or deceptive statements regarding loans.

22.　　All Defendants knew, or by the exercise of reasonable care should have known, that statements identified in First Cause of Action, above, were untrue or misleading at the time they were made.

23.　　Plaintiffs Todd and Stephanie Brown are entitled to recover from Defendants Ameriquest Parties individually, jointly and severally, compensatory damages, in an amount in excess of Ten Thousand Dollars ($10,000.00) for making untrue or misleading statements.

### THIRD CLAIM:
### VIOLATION OF N.C. GEN. STAT. § 24-10.2
(Consumer Protections in Home Loans)

24.　　Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 above as though fully set forth herein.

25.　　All Defendants have violated the N.C. Gen. Stat. § 24-10.2 disclosure by making disseminating or causing to be made or disseminated, whether directly or indirectly, untrue or misleading statements regarding interest rates and the appraisal of the residence with the intent to induce Plaintiffs to enter into the mortgage transaction, including but not limited to the statements set forth in the First Cause of Action above.

26.　　Defendants knew, or by the exercise of reasonable care should have known, that these statements were untrue or misleading at the time they were made and the loan they provided did not have a reasonable, tangible net benefit to the Plaintiffs.

27.　　Plaintiffs Todd and Stephanie Brown are entitled to recover from Defendants Ameriquest Parties individually, jointly and severally, compensatory damages, in an amount in excess of Ten Thousand Dollars ($10,000.00) for making untrue or misleading statements.

### FOURTH CLAIM:
(Fraud)

28.　　Plaintiffs reallege and incorporate by reference paragraphs 1 through 27 above, as though fully set forth herein.

29. Upon signing the loan on February 25, 2005, Defendants owed Plaintiffs a duty to provide true and accurate information regarding the refinancing of the property for the sole and exclusive benefit of Plaintiffs.

30. The Ameriquest Parties induced the Plaintiffs into obtaining a loan by representing to them that the Ameriquest Parties would provide them with a low interest rate and low fee loan, but in a "bait and switch," instead provided a loan to the Plaintiffs at significantly a higher rate or higher fee than originally promised. These statements were untrue or misleading because Ameriquest was unlikely to make the loan on the terms initially offered. Further, the high interest rate of the loan prevented the Plaintiffs from refinancing in the future.

31. As part of an effort to induce the Plaintiffs to accept unfavorable loan terms, such as a high monthly payment or interest rate, sales representatives for the Ameriquest Parties told the Plaintiffs that they could refinance in a few months and would be able to obtain more favorable terms at that time. These statements were untrue or misleading because the Ameriquest Parties were unlikely to provide a refinance under the terms represented by their sales representatives. Additionally, Ameriquest issued the Plaintiffs a substantial prepayment penalty, thus limiting their ability to obtain a more favorable loan.

32. The Ameriquest Parties failed to provide timely and adequate information to Plaintiffs concerning the amount and purpose of "discount" points and fees imposed on their loans.

33. The Ameriquest Parties have misrepresented the terms of the adjustable rate provisions of their loans, including misrepresenting how the interest rate for the loan would in fact adjust. These statements were untrue or misleading because the Ameriquest Parties and their sales representatives failed to describe the true terms of the adjustable rate provision of the loans, and because the Ameriquest Parties were unlikely to provide an adjustable rate loan on the terms represented.

34. The Ameriquest Parties engaged in deceptive or misleading acts and practices which resulted in the Ameriquest Parties obtaining an inflated appraisal that was substantially in excess of the market value of the residence of Plaintiffs.

35. The Ameriquest Parties misled Plaintiffs about the presence and terms of prepayment penalties on loans offered by the Ameriquest Parties, and about whether prepayment penalties could be waived if the Plaintiffs refinanced their loan.

36. Defendants breached this duty by failing to disclose accurate information regarding the appraisal and the terms of the adjustable interest rate in order to induce Plaintiffs to enter the transaction.

37. The Ameriquest Defendants intended for the Plaintiffs to rely on the

-5-

representations and intended to deceive the Plaintiffs, and did deceive the Plaintiffs.

38. The Plaintiffs justifiably relied on these representations to their detriment.

39. Moreover, Defendants provided Plaintiffs with an inflated appraisal and inaccurate information regarding interest rates knowing that terms offered to the Plaintiffs would prevent them from refinancing in the future.

40. As a direct and proximate result of Defendants' fraud, Plaintiffs have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), for which Defendants are individually, jointly and severally liable.

41. Each Defendant is also liable to the Plaintiffs for punitive damages as well.

### FIFTH CLAIM:
(Unfair and Deceptive Trade Practices)

42. Plaintiffs reallege and incorporate by reference paragraphs 1 through 41 above as though fully set forth herein.

43. The actions of Defendants as set forth in this Complaint affected commerce and constitute unfair and deceptive trade practices in violation of N.C. Gen. Stat. §75-1.1, et seq.

44. By reason of said conduct, Plaintiffs are entitled to recover of Defendants all damages proximately caused by said conduct, to have any damage award trebled.

45. Plaintiffs are also entitled to have and recover of Defendants their reasonable attorneys fees pursuant to N.C. Gen. Stat. § 75-16.1 and RESPA.

### SIXTH CLAIM:
(Punitive Damages)

46. Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 above as though fully set forth herein.

47. The forgoing conduct of the Defendants Ameriquest Parties constitute actions that were willful, wanton and/or intentional. Furthermore, as fully set forth above, there were and continue to be numerous aggravating factors to the actions attributable to Defendants. Therefore, Plaintiffs are each entitled to an award of punitive damages in an amount to be determined pursuant to North Carolina law, but in an amount in excess of $10,000.

WHEREFORE, Plaintiffs respectfully pray the Court that:

1. Plaintiffs have and recover of the Defendants compensatory damages in excess of Ten Thousand Dollars ($10,000.00);

2. Plaintiffs have and recover of the Defendants punitive damages in excess of Ten Thousand Dollars ($10,000.00);

3. That the damages awarded to the Plaintiffs be trebled pursuant to N.C. Gen. Stat. § 75-16.

4. That Plaintiffs recover the reasonable attorneys fees pursuant to N.C. Gen. Stat. § 75-16.1;

5. That the cost of this action be taxed to the Defendants;

6. For a trial by jury; and

7. For such other relief as the Court deems just and proper.

This is the 10th day of September 2007.

_____
Ellis B. Drew, III (NCSB 12934)
Attorney for Plaintiffs

OF COUNSEL:

WELLS JENKINS LUCAS & JENKINS, PLLC
155 Sunnynoll Court, Ste. 200
Winston-Salem, NC 27103
(336) 725-2900

-7-