UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| Todd Brown and Stephanie Brown,<br><br>    Plaintiffs,<br><br>v.<br><br>Ameriquest Mortgage Co., a Delaware corporation, ACC Capital Holdings Corp., a Delaware corporation; Town and Country Credit Corp., a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation,<br><br>    Defendants. | C.A. No. _____ |

## DEFENDANTS' MOTION TO STAY PROCEEDINGS AND TO SUSPEND PRETRIAL DEADLINES

Defendants move this Court to stay all proceedings and to suspend all pretrial deadlines in this case in anticipation of an order from the Judicial Panel on Multidistrict Litigation (the "Panel" or "JPMDL") designating this case as a "tag-along action" to MDL No. 1715 – In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation, Case No. 1:05-cv-07097 ("MDL No. 1715"), which is pending in the United States District Court for the Northern District of Illinois. Defendants move the Court to stay all proceedings and suspend all deadlines, including the deadline for Defendants to answer, counterclaim, move, or otherwise plead in response to the Complaint; the deadline for the Court to issue an initial pretrial order pursuant to Rule 16(b), FRCP, and Local Rule 16.1,

MDNC; the deadline for the parties to prepare a report pursuant to Rule 26(f), FRCP; and the deadline for the assignment of this matter to a case management track pursuant to Local Rule 26.1, MDNC.

## PROCEDURAL HISTORY

Defendants simultaneously filed this motion to stay and a notice of removal on October 19, 2007. Defendants' answer or response to the Complaint originally was due to be filed in the state court action on October 22, 2007. Plaintiffs granted a thirty-day extension to Defendants, which means an answer or response ordinarily would be due on November 21, 2007.[1] However, due to the removal, Defendants' response or answer currently is due on October 26, 2007 (five days after removal, excluding weekends and holidays). See Rules 6(a) and 81(c), FRCP.

## MDL No. 1715

MDL No. 1715 consists of numerous actions filed in various districts alleging that Defendants failed to disclose material loan terms and engaged in other predatory lending practices. These actions were consolidated before the Panel through a transfer order filed on December 13, 2005. In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation, 408 F. Supp. 2d. 1354 (N.D. Ill. 2005) (the "MDL Order"). Since the filing of the MDL Order, at least 248 other cases, all alleging violations of the federal Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., or related laws that are similar to those

---

[1] Copies of the letter and proposed order granting an extension submitted by Defendants to the Superior Court in Forsyth County on October 16, 2007, are attached as Exhibit A.

alleged in the instant case, have been fully or conditionally transferred to the Panel.[2] Accordingly, a stay of the proceedings in this case, including the deadline to answer, counterclaim, move, or otherwise plead in response to the Complaint and discovery and pretrial deadlines, is warranted while the Panel determines whether this case will be designated as a "tag-along action" to MDL No. 1715.

## BACKGROUND AND PRELIMINARY STATEMENT

In this case, Plaintiffs allege that they obtained a mortgage loan from Defendants secured by their residence at 209 Bradberry Lane in Winston-Salem, North Carolina, on or about February 25, 2005. Plaintiffs allege that Defendants engaged in "bait and switch" tactics by providing a loan at a significantly higher rate or fee than originally promised, falsely told Plaintiffs they could refinance in a few months on more favorable terms, and failed to provide adequate information about discount points and fees imposed on their loan. Plaintiffs further allege that Defendants misrepresented the terms of the adjustable rate loan, engaged in misleading or deceptive acts that resulted in an inflated appraisal that exceeded the true market value of Plaintiffs' residence, misled them about the existence of prepayment penalties, and engaged in acts that encouraged Plaintiffs to

---

[2] In South Carolina, Smith v. Ameriquest Mortgage Co., Case No. 3:06-CV-2493-CMC, was conditionally transferred. As further example, in Florida alone, the following cases have been fully or conditionally transferred: (1) Almaguer v. Argent Mortgage Co., LLC, Case No. 1:05-21103-CIV-JORDAN, S.D. Fla.; (2) Barber v. Ameriquest Capital Corp., Case No. 3:04-CV-1296, M.D. Fla.; (3) Williams v. Ameriquest Mortgage Co., Case No. 8:05-CV-1036, M.D. Fla.; (4) Ungar v. Ameriquest Mortgage Co., Case No. 8:05-CV-1849, M.D. Fla.; (5) Faison v. Argent Mortgage Co., LLC, Case No. 8:06-CV-477, M.D. Fla. A recent conditional transfer order issued by the Clerk of the Panel in an unrelated case stated that 248 additional actions have been transferred to the Northern District of Illinois.

ignore disclosures required under the federal Truth in Lending Act and Real Estate Settlement Procedures Act. (Compl. ¶¶ 10-19.)[3]

Relying on the foregoing factual allegations, Plaintiffs assert causes of action for (1) untrue or misleading statements; (2) violations of the federal Truth-In-Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., and violations of the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.; (3) violation of the state Consumer Protections in Home Loans Act, N.C. Gen. Stat. § 24-10.2; (4) fraud grounded in the allegedly untrue or misleading statements; (5) violations of the state Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq.; and (6) punitive damages. (Compl. ¶¶ 10-47.)

The JPMDL, pursuant to 28 U.S.C. § 1407,[4] has transferred some 248 other actions pending against Defendant in various jurisdictions to MDL No. 1715 (the "MDL Cases") for coordinated or consolidated pretrial proceedings before the Honorable Marvin E. Aspen. The MDL Cases allege, among other things, that Defendants violated TILA when they "failed to disclose material terms and engaged in so-called bait-and-switch tactics." <u>In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation</u>, 408 F. Supp. 2d. at 1355. The plaintiffs in the MDL Cases seek statutory and actual damages.

---

[3] The Complaint filed in the General Court of Justice, Superior Court, of Forsyth County, North Carolina, is attached as an exhibit to the Notice of Removal.

[4] Section 1407 authorizes the JPMDL to transfer to any district court for coordinated or consolidated pretrial proceedings any civil action involving one or more common questions of fact that are pending in different districts. 28 U.S.C. § 1407.

The Rules of Procedure of the JPMDL ("RMDL") provide that a "tag-along action" is "a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407." Rule 1.1, RMDL. "Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential 'tag-along actions' in which the party is also named or in which that counsel appears." Rule 7.5(e), RMDL. Pursuant to this rule, counsel for Defendants will promptly notify the Clerk of the Panel of the existence of the present case as a potential tag-along action upon removal of the case to the United States District Court for the Middle District of North Carolina.

In the MDL Order, the Panel held that Section 1407 "does not require a complete identity, or even a majority, of common factual issues as a prerequisite to transfer . . . ." In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation, 408 F. Supp. 2d at 1355. The Panel has also concluded that the MDL Cases transferred thus far involve sufficiently "common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." Id.

## ARGUMENT

In the interest of judicial economy and to avoid undue burden and expense to the parties, Defendants' motion to stay should be granted. It is well-settled that district courts have discretionary authority to stay a case when interests of justice so require. See

e.g. Clinton v. Jones, 520 U.S. 681, 707 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Due to the common factual issues in this case and the MDL Cases, the JPMDL is likely to coordinate and consolidate this case with the MDL Cases for purposes of pretrial proceedings and discovery. The purpose behind the creation of the centralized MDL litigation was "to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary." In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation, 408 F. Supp. 2d at 1355. The transfer of this case will serve the purpose of the MDL Order. Further, the "[t]ransfer under Section 1407 . . . has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any individual issues to proceed concurrently with discovery on the common issues."

Moreover, a stay is necessary because the jurisdiction of this Court and any orders it issues remain effective until a transfer or remand order of an action pursuant to 28 U.S.C. § 1407 is filed in the transferee court, which in this case is the district court for the Northern District of Illinois. See Rules 1.5 and 1.6, RMDL.

Defendants understand that if this case is transferred to the JPMDL, the pretrial proceedings and discovery will be governed by the orders of the court presiding over MDL No. 1715. If this case is not transferred, Defendants agree that their deadline to answer, counterclaim, move, or otherwise plead in response to the Complaint will be twenty days after the Panel decides not to transfer this case. If the Panel has not

conditionally transferred this case by December 31, 2007, Defendants agree to consult with Plaintiffs' counsel and to submit a joint report on the status of the case to this Court by that date.[5]

Accordingly, in the interest of judicial economy and economy to the parties, Defendants submit that a stay of these proceedings and suspension of all pretrial deadlines pending a final determination of the status of this matter as a tag-along action is justified.

## CONCLUSION

Based upon the foregoing and in the interests of justice and economy, Defendants respectfully request that their motion to stay be granted.

Respectfully submitted,

HAYNSWORTH SINKLER BOYD, P.A.

s/ Joel M. Bondurant, Jr.

Joel M. Bondurant, Jr.
N.C. Bar No. 29621
75 Beattie Place
Two Liberty Square (11th Floor) (29601-2119)
P.O. Box 2048 (29602-2048)
Greenville, S.C.
(864) 240-3200

---

[5] It may take several weeks for the Panel to resolve the status of this case as a "tag-along action" because the process for determining the transfer of an action[ /Title (UNITED STAT is involved. The Clerk of the Panel will serve notice of conditional transfer on each party, and each party has 15 days from the entry of the order in which to file a notice of opposition. Rule 7.4, RMDL. If a notice of opposition is timely submitted, however, the party opposing the transfer has 15 days from the filing of the notice of opposition to file a motion and supporting brief seeking to vacate the conditional transfer. Rule 7.4(d), RMDL.

       Fax: (864) 240-3300
       Email: jbondurant@hsblawfirm.com

       Attorneys for Defendants Ameriquest Mortgage Co., ACC Capital Holdings Corp., Town and Country Credit Corp., and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans

October 19, 2007