UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| Todd Brown and Stephanie Brown,<br><br>Plaintiffs,<br><br>v.<br><br>Ameriquest Mortgage Co., a Delaware corporation, ACC Capital Holdings Corp., a Delaware corporation; Town and Country Credit Corp., a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation,<br><br>Defendants. | C.A. No. 1:07-cv-788 |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Defendants Ameriquest Mortgage Co., ACC Capital Holdings Corp., Town and Country Credit Corp., and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans (collectively, "Defendants"), by and through their undersigned counsel, move for an extension of time to answer or otherwise respond to Plaintiffs' Complaint. See Rule 6(b), FRCP, and Local Rule 6.1, MDNC. Defendants ask that they not be required to serve an Answer or other responsive pleading until the Judicial Panel on Multidistrict Litigation (the "Panel") decides whether to designate this case as a "tag-along action" to MDL No. 1715 – In re Ameriquest Mortgage Co. Mortgage Lending

Practices Litigation, Case No. 1:05-cv-07097 ("MDL No. 1715"), which is pending in the United States District Court for the Northern District of Illinois.

If the Panel decides to transfer the case, further proceedings will occur in the multi-district litigation pending in the Northern District of Illinois. If the Panel decides *not* to transfer the case, Defendants ask that they be granted twenty days from the date of receipt of written notice of the Panel's decision to file an Answer or otherwise respond to Plaintiffs' Complaint in this Court.

Defendants on October 19, 2007, pursuant to 28 U.S.C. §§ 1441 and 1446, removed this case from the General Court of Justice, Superior Court of Forsyth County, North Carolina, to the United States District Court for the Middle District of North Carolina, Winston-Salem Division. Defendants based removal on 28 U.S.C. §§ 1331, 1332, and 1367. (Entry No. 1 on MDNC docket.)

Defendants' answer or response to the Complaint originally was due to be filed in the state court action on October 22, 2007. Plaintiffs granted a thirty-day extension to Defendants, which means an answer or response ordinarily would be due on November 21, 2007.[1] However, due to the removal, Defendants' response or answer currently is due on October 26, 2007 (five days after removal, excluding weekends and holidays). See Rules 6(a) and 81(c), FRCP.

Defendants on October 19, 2007, further moved this Court to stay all proceedings and suspend all deadlines, including the deadline for Defendants to answer, counterclaim,

---

[1] A copy of the extension order signed by the state court clerk is attached as Exhibit A.

move, or otherwise plead in response to the Complaint; the deadline for the Court to issue an initial pretrial order pursuant to Rule 16(b), FRCP, and Local Rule 16.1, MDNC; the deadline for the parties to prepare a report pursuant to Rule 26(f), FRCP; and the deadline for the assignment of this matter to a case management track pursuant to Local Rule 26.1, MDNC.  (Entry No. 3 on MDNC docket.)

Defendants believe their previously filed Motion to Stay should allow the Court to order that Defendants are not required to answer or otherwise respond to the Complaint until the Panel decides whether to transfer this case.  However, Defendants are not aware of any authority directly on point with regard to the impact of a motion to stay under these circumstances in the Middle District of North Carolina.  Defendants also are aware that Plaintiffs have been given until November 13, 2007, to respond to Defendant's Motion to Stay.

Accordingly, Defendants now file this motion for an extension of time in an abundance of caution.  See Blanton v. Pacific Mut. Life Ins. Co., 4 F.R.D. 200, 207 (W.D.N.C. 1944) (filing of motion for extension of time to answer automatically extends the time for answering or otherwise responding to a complaint by at least ten days until after the motion is acted on by the court).

Based upon the foregoing and in the interests of justice and economy, Defendants respectfully request that this Court order that Defendants are not required to answer or otherwise respond to Plaintiffs' Complaint until the Panel decides whether to designate this case as a "tag-along action" and transfer it to the Northern District of Illinois. Defendants further request that, if the Panel decides not to transfer the case, Defendants

will have twenty days from the date of receipt of written notice of the Panel's decision to file an Answer or otherwise respond to Plaintiffs' Complaint in this Court.

Defendants' counsel has consulted with Plaintiffs' counsel pursuant to Local Rule 6.1(a), MDNC. Plaintiffs counsel declined to consent to the entry of an order extending the time to answer or otherwise respond as requested by Defendants..

Respectfully submitted,

HAYNSWORTH SINKLER BOYD, P.A.

*s/ Joel M. Bondurant, Jr.*
Joel M. Bondurant, Jr.
N.C. Bar No. 29621
75 Beattie Place
Two Liberty Square (11th Floor) (29601-2119)
P.O. Box 2048 (29602-2048)
Greenville, S.C.
(864) 240-3200
Fax: (864) 240-3300
Email: jbondurant@hsblawfirm.com

Attorneys for Defendants Ameriquest Mortgage Co., ACC Capital Holdings Corp., Town and Country Credit Corp., and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans

October 24, 2007